**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

*In re* **K.E.**

**No. 22-782** (Kanawha County 21-JA-161)

## MEMORANDUM DECISION

Petitioner Mother S.E.[1] appeals the Circuit Court of Kanawha County's September 15, 2022, order terminating her parental rights to K.E.[2] Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. P. 21.

On April 1, 2021, the DHHR filed an abuse and neglect petition alleging that in March 2021 petitioner hit a pole while driving under the influence with the child in the vehicle. The petition also alleged that petitioner admitted "snorting" Zanaflex fifteen minutes prior to entering the vehicle. Further, it asserted that petitioner had a substance abuse problem that prohibited her from parenting the child.

During petitioner's preliminary hearing, a Child Protective Services ("CPS") investigator testified that petitioner admitted inhaling Zanaflex, a muscle relaxer for which she did not have a prescription, about fifteen minutes before the crash. She also testified that petitioner's eyes were glassy and that petitioner had a difficult time staying awake while speaking to the investigator shortly after the accident, which the investigator attributed to drug use. According to the investigator, petitioner also admitted to abusing heroin. A police officer who responded to the vehicle accident scene testified that he discovered the child was not properly secured in the vehicle at the time of the accident, and he offered testimony regarding his belief that petitioner was under the influence at the time of the accident. Following the preliminary hearing, the circuit court permitted petitioner supervised visitation with the child upon the submission of three clean drug screens and ordered random drug screening throughout the remainder of the case.

---

[1]Petitioner appears by counsel Sandra K. Bullman. The West Virginia Department of Health and Human Resources ("DHHR") appears by counsel Attorney General Patrick Morrisey and Assistant Attorney General Katherine A. Campbell. Attorney Jennifer L. Anderson appears as the child's guardian ad litem.

[2]We use initials where necessary to protect the identities of those involved in this case. *See* W. Va. R. App. P. 40(e).

Petitioner did not appear for the adjudicatory hearing, but she was represented by counsel. During the hearing, the DHHR submitted a report that indicated petitioner had not participated in random drug screening since the preliminary hearing. At the conclusion of that hearing, the court adjudicated petitioner as an abusing and neglecting parent based on her abuse of Zanaflex immediately prior to crashing her car with the child inside, resulting in injury to him.

The dispositional hearing was continued several times, in part to allow petitioner the opportunity to comply with in-home drug screening services, though she continued to ignore the court's order to participate in drug screenings. When petitioner appeared for the December 6, 2021, dispositional hearing, she submitted a urine sample that did not register a temperature but was positive for alcohol, fentanyl, and cocaine. She was given an opportunity to submit another urine sample but, instead, left the courthouse and failed to return for the remainder of the hearing. The court ordered petitioner to continue drug screening and submit to outpatient drug treatment, and the matter was continued to December 13, 2021. During the December 13 hearing, the court ordered petitioner to participate in random drug screenings and counseling appointments but warned her that the failure to comply with CPS's directives would result in the termination of her parental rights. On that same date, petitioner tested positive for cocaine, fentanyl, and norfentanyl. The parties again appeared for the disposition hearing on January 28, 2022, during which the DHHR worker recommended the court terminate petitioner's parental rights due to a lack of compliance with the court's orders and DHHR services.

The circuit court originally terminated petitioner's parental rights in a dispositional order entered on January 28, 2022. Petitioner appealed, and this Court vacated that order and remanded the matter to the circuit court, directing the circuit court to enter a new final order within thirty days. *In re K.E.*, No. 22-0054, 2022 WL 3960511 (W. Va. Aug. 31, 2022) (memorandum decision). In its September 15, 2022, dispositional order, the circuit court found that throughout the ten months prior to disposition, petitioner missed more than twenty drug screens; the urine samples petitioner provided on three dates tested positive for drugs; petitioner failed to seek inpatient drug treatment prior to disposition; petitioner failed to participate in parenting and adult life skills classes throughout the proceedings; petitioner denied that she needed drug treatment; and petitioner was given multiple opportunities to correct the conditions of abuse and neglect but failed to do so. Importantly, the court concluded that there was no reasonable likelihood the conditions of abuse and neglect, which led to the filing of the underlying petition, can be substantially corrected in the near future and that petitioner had not followed through with a reasonable family case plan or other rehabilitative services. It also found that the termination of petitioner's parental rights was in the best interest of the child. The court, therefore, terminated petitioner's parental rights.[3] Petitioner appeals from that September 15, 2022, disposition order.

On appeal from a final order in an abuse and neglect proceeding, this Court reviews the circuit court's findings of fact for clear error and its conclusions of law de novo. Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011).

Before this Court, petitioner raises two assignments of error. She first argues that the circuit court erred by terminating her parental rights without granting a post-adjudicatory improvement

---

[3]The child was placed in the permanent custody of his biological father.

period. In support of this contention, petitioner asserts that she complied with some drug screens and that giving her "further time in an improvement period would have been in [the child's] best interest." While petitioner acknowledges that a circuit court has discretion to deny an improvement period when no improvement is likely, she ignores her failure to acknowledge the fact that her substance abuse substantially impacted her ability to parent the child. *See In re Tonjia M.*, 212 W. Va. 443, 448, 573 S.E.2d 354, 359 (2002) ("The circuit court has the discretion to refuse to grant an improvement period when no improvement is likely."). Petitioner missed numerous scheduled drug screens, and when she did submit to three, they were all positive for drugs. Further, the evidence showed that she was on drugs when she wrecked with the child inside the car, resulting in injury to him. However, she explicitly denied the need for substance abuse treatment. We, therefore, find that the circuit court did not err in failing to grant petitioner a post-adjudicatory improvement period, as the same would have been an exercise in futility. *See In re Timber M.*, 231 W. Va. 44, 55, 743 S.E.2d 352, 363 (2013) (explaining that "[f]ailure to acknowledge the existence of the problem . . . results in making the problem untreatable and in making an improvement period an exercise in futility at the child's expense" (citation omitted)).

In her second assignment of error, petitioner asserts that the circuit court erred by terminating her parental rights when there was a less restrictive alternative available. However, termination "may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood under [West Virginia Code § 49-4-604(d)] . . . that conditions of neglect or abuse can be substantially corrected." Syl. Pt. 5, *In re Kristin Y.*, 227 W. Va. 558, 712 S.E.2d 55 (2011) (citation omitted). Here, the circuit court correctly found that petitioner's failure to comply with services and drug screens demonstrate there was no reasonable likelihood the conditions of abuse and neglect could be substantially corrected in the near future. The court also found that at the time of the dispositional hearing, petitioner had not seen the child in approximately ten months. We have stated that "the level of interest demonstrated by a parent in visiting his or her children while they are out of the parent's custody is a significant factor in determining the parent's potential to improve sufficiently and achieve minimum standards to parent the child." *In re Katie S.*, 198 W. Va. 79, 90 n.14, 479 S.E.2d 589, 600 n.14 (1996) (citations omitted). Further, petitioner argues that the circuit court could have left her rights intact and placed the child with the father, but this argument is not in keeping with our prior holdings in which we have stressed that "simply because one parent has been found to be a fit and proper caretaker for [the] child does not automatically entitle the child's other parent to retain his/her parental rights if his/her conduct has endangered the child and such conditions of abuse and/or neglect are not expected to improve." *In re Emily*, 208 W. Va. 325, 344, 540 S.E.2d 542, 561 (2000). Because the court made the findings necessary to terminate petitioner's parental rights upon ample evidence, we find no error. *See* W. Va. Code § 49-4-604(c)(6) (permitting circuit court to terminate parental rights upon finding that there is no reasonable likelihood that conditions of abuse and neglect can be substantially corrected in near future and when necessary for child's welfare); *see also Kristin Y.*, 227 W. Va. at 560, 712 S.E.2d at 57, Syl. Pt. 5, in part (permitting termination of parental rights "without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood . . . that conditions of neglect and abuse can be substantially corrected").

For the foregoing reasons, we find no error in the decision of the circuit court, and its September 15, 2022, order is hereby affirmed.

Affirmed.

**ISSUED**: September 20, 2023

**CONCURRED IN BY**:

Chief Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton
Justice C. Haley Bunn